UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 1:15-CR-003 |
| | : |
| ANTHONY F. D'AMBROSIO, *et al.* | : |
| Defendants | : |

*M E M O R A N D U M*

*I.    Introduction*

We are considering Defendant D'Ambrosio's Second Motion in Limine. (Doc. 200). Defendants have been charged with prostitution and drug-related offenses in a seven-count superseding indictment. (Doc. 23). Pertinent to the instant motion, Defendants were charged with: (1) sex trafficking of children, in violation of 18 U.S.C. § 1591(a); (2) transportation for prostitution, in violation of 18 U.S.C. § 2421; (3) transportation of minors for prostitution, in violation of 18 U.S.C. § 2423; (4) conspiracy to transport for prostitution, in violation of 18 U.S.C. § 371; and (5) conspiracy to transport minors for prostitution, in violation of 18 U.S.C. § 371. The jury was selected on April 4, 2016, and trial is scheduled to commence on April 7, 2016. On April 5, 2016, Defendant D'Ambrosio filed his Second Motion in Limine (Doc. 200), and his co-defendants joined the motion.

At issue is the proposed testimony of Dr. Sharon Cooper, a Government expert witness. The discovery material the Government provided indicated that Dr.

Cooper would provide background testimony about "the culture of pimping, the nature of enterprises associated with sex trafficking, victim vulnerabilities, the health care problems of victims which are directly related to the actions of the traffickers, the barriers to exiting what is referred to as 'the life' of 'the game,' and multiple aspects of offender dynamics." (Doc. 201 at 2; Doc. 202 at 5).  Defendants argue, *inter alia*, that Dr. Cooper's testimony is irrelevant under Federal Rule of Evidence 401; they argue that "societal and criminal justice implications of prostitution [are] not probative of whether [Defendants] engaged in a criminal conspiracy to traffic women or commit other sex trafficking offenses . . . ."  (Doc. 201 at 4-5).

Conversely, the Government argues that the pimp-prostitute dynamic is complex.  (Doc. 202 at 6).  The juvenile victims in this case will testify that in return for promises of autonomy and wealth, they joined the "team" and engaged in sex acts with strangers.  (Id. at 4).  They will explain that they became addicted to controlled substances to numb their awareness of their participation in prostitution.  (Id.).  They will also testify that they had feelings of loyalty, affection, and love for Defendants.  (Id.).  The Government argues that because these actions are contrary to societal norms and implicate dysfunctional relationships, Dr. Cooper's testimony is necessary to help the jury understand the victims' testimony and why they took the actions they did.  (Doc. 202 at 5).  In support, the Government points to several other court opinions in which Dr. Cooper's, or a similar expert's, testimony was admitted.  Most notably, the Government cites this court's opinion in United States v. Williams, No. 05-CR-443, 2007 WL 3118306 (M.D. Pa. Oct. 19, 2007) (Kane, J.).[1]  In Williams, this court held that Dr. Cooper's testimony was

---

1. Also noteworthy, the Government cites the Third Circuit's opinion in United States v. Hayes, 434 F. App'x 94 (3d Cir. 2011).  In Hayes, the court held that the court did not abuse its discretion

2

relevant and would assist the trier of fact because "the background information Dr. Cooper could provide would assist the jury to understand the dynamics of exploitation, to explain why the women did not leave their pimps, and to generally demystify the relationship between pimp and prostitute." Williams, 2007 WL 3118306 at *4.  It also held that her testimony "may address factors related to vulnerability and enticement of women and juveniles, and may include a discussion of the effects that commonly used grooming and deterrent practices have on prostitutes." Id. at *5.

We disagree with the rationale in Williams[2] and find that Dr. Cooper's testimony is irrelevant to the Government's case in chief.[3]  Pursuant to Federal Rule of Evidence 401, evidence is relevant only if it has a tendency to make a fact of consequence more or less probable than it would be without the evidence.  Id.  A fact is "of consequence" when it relates, directly or indirectly, to an element of a claim or defense. See Starland v. Fusari, No. 10-4930, 2015 WL 5771617 at *6 (D.N.J. Sept. 3, 2015).  A fact is also of consequence if it bears upon the evaluation of the probative value to be given to other evidence in the case, such as demonstrative aids and witness credibility.  2 Handbook of Fed. Evid. § 401.1 (7th ed.).

---

by refusing to exclude Dr. Cooper's testimony as unfairly prejudicial under Federal Rule of Evidence 403.  As discussed below, we exclude Dr. Cooper's testimony under Rules 401 and 402, not Rule 403.  Accordingly, the Third Circuit's non-precedential opinion in Hayes is inapposite, and we decline to address it.

2. We note that the court's discussion in Williams was in the context of determining whether Dr. Cooper could testify as an expert witness, not whether her testimony was relevant under Rule 401.  As a result, the court simply concluded the testimony was relevant with no supporting analysis.

3. On April 6, 2016, we issued an order to this effect, without an accompanying memorandum, in effort to give the parties enough notice to make any required adjustments in their preparation for trial, which was scheduled to commence the following day.  This memorandum provides the analysis in support of our order.

3

Here, Dr. Cooper's testimony does not relate to the elements of the prostitution-related offenses with which Defendants are charged. In Count One of the superseding indictment, Defendants are charged with the sex trafficking of children. (Doc. 23 at 1). This requires the Government to prove four elements beyond a reasonable doubt: (1) Defendants knowingly transported a person or benefitted from participation in a venture which transported a person; (2) Defendants knew or recklessly disregarded that the person had not attained the age of eighteen; (3) defendant knew or recklessly disregarded that the person would be caused to engage in a commercial sex act (*i.e.*, any sex act on account of which anything of value is given or received); and (4) Defendants' conduct affected interstate commerce. See (Doc. 194 at 10-11) (consisting of the Government's proposed jury instructions). We see no way in which Dr. Cooper's general testimony about the "culture of pimping, the nature of enterprises associated with sex trafficking, victim vulnerabilities, the health care problems of victims, the barriers to exiting, and multiple aspects of offender dynamics" has any tendency to make it more or less probable that <u>Defendants themselves</u> transported minors in interstate commerce for the purpose of a commercial sex act.

The analysis for the remaining prostitution charges is the same. In Counts Two and Four, Defendants are charged with transportation for prostitution and conspiracy to do the same. (Doc. 23 at 3, 5). Transportation for prostitution requires the Government to prove (1) Defendants knowingly transported an individual in interstate commerce, and (2) Defendants intended that the individual would engage in prostitution. (Doc. 194 at 19). In Counts Three and Five, Defendants are charged with transportation of minors for prostitution and conspiracy to do the same. This requires one additional element that the

Government must prove – that the individual transported was less than eighteen years old. Again, we see no way in which Dr. Cooper's testimony makes it more probable that Defendants' conduct satisfies these elements.

That leaves us with the question of whether Dr. Cooper's testimony bears upon the evaluation of the probative value to be given to other evidence in the case. The Government argues that it does; they insist that Dr. Cooper's testimony will help the jurors understand why the victims took the actions they did. Thus, it bears upon the credibility of the victims. While we agree with the Government that Dr. Cooper's testimony will support the victims' credibility, such testimony is not permitted under Federal Rule of Evidence 608. It provides that a party cannot introduce evidence to support a witness's credibility unless and until it has been attacked. FED. R. EVID. 608. Only then may a party offer opinion evidence to rehabilitate the witness. Id.; United States v. Anderson, 851 F.2d 384, 394 (D.C. Cir. 1988) ("Dr. Lee's testimony could have helped the jury determine the credibility of the government's prostitute-witness, which counsel for appellant had sought to undermine on cross-examination . . . ."). Because the Government cannot introduce evidence in support of the victims' credibility until their credibility is attacked, Dr. Cooper's testimony is not relevant to the Government's case in chief.[4]

For the reasons discussed above, we find that Dr. Cooper's testimony is not relevant, and we will grant Defendants' motion to exclude her testimony.

Date: April 7, 2016

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

---

4. During a conference with counsel on the instant motion, the Government was given the opportunity to call Dr. Cooper as a rebuttal witness if the Defendants impeached the victims' credibility on the grounds that their behavior was contrary to societal norms, thus allowing the jury to infer that their testimony was not worthy of belief. The Government declined, indicating that it wanted to call Dr. Cooper during its case in chief.