# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:15-CR-3** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **ANTHONY D'AMBROSIO,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 24th day of October, 2017, upon consideration of the motion (Doc. 204) *in limine* by defendant Anthony D'Ambrosio ("D'Ambrosio"), seeking to exclude from admission at trial any evidence relating to the possession, use, or manufacture of counterfeit currency by one or more of the defendants, (id. ¶ 4), and any testimony that D'Ambrosio and others robbed competitor prostitutes or expectant prostitution customers, or impersonated law enforcement, (id. ¶ 5), on the basis that (1) such evidence is not relevant to the sex-trafficking and drug distribution charges pending *sub judice*, (2) any probative value attending such evidence is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury, (3) the government has failed to provide notice of this evidence under Federal Rule of Evidence 404(b)(2), and (4) the evidence does not fall within the scope of "prior bad acts" evidence made admissible by Federal Rule of Evidence 404, and further upon consideration of the government's response (Doc. 300) to D'Ambrosio's motion, wherein the government first asserts that it does not intend to introduce evidence regarding the possession, use, or manufacture of counterfeit currency at trial, (id. at 4), rendering that aspect of D'Ambrosio's motion

moot, and further asserts that the evidence at issue will show that defendants robbed "competitor prostitutes" as well as victims who attempted to leave the organization to work independently, (id. at 6-7), and that defendants impersonated police officers when robbing customers of money and drugs so that the customers would be disinclined to report the robberies, (see id. at 7), such that the evidence is not offered to prove "other crimes" or "prior bad acts" under Rule 404 but is instead part and parcel of the overarching sex-trafficking and drug distribution conspiracy in which defendants are charged, (id.), and the court observing that uncharged acts performed contemporaneously with charged offenses may be deemed "intrinsic" to the charged offenses and thus admissible without implicating Rule 404(b) if the uncharged acts "directly prove[] the charged offense[s]" or "facilitate commission of the charged crime," United States v. Green, 617 F.3d 233, 248-49 (3d Cir. 2010), and that the scope of admissible intrinsic evidence "is by nature broader when the indictment charges a conspiracy," United States v. Hernandez, No. 1:14-CR-70, 2015 WL 6125259, at *2 (M.D. Pa. Oct. 16, 2015) (citing United States v. Haas, 184 F. App'x 230, 233 (3d Cir. 2006)), and observing further that the Third Circuit Court of Appeals has held that evidence of use of violence in furtherance of the illegal objectives of a conspiracy is not evidence of an "*other* crime" but in fact is part of *the* crime with which the defendant is charged, United States v. Gibbs, 190 F.3d 188, 217-18 (3d Cir. 1999) (emphasis added), and the court concluding that the proffered evidence does not implicate the justification animating Rule 404(b)—"to keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a

bad person, implying that the jury needn't worry overmuch about the strength of the government's evidence," Green, 617 F.3d at 249 (citation and quotation marks omitted), because the evidence is not intended to impugn D'Ambrosio's character nor to suggest a propensity to commit other criminal acts, but is instead intrinsic and directly relevant to the issue of whether he committed the exact criminal acts with which he is charged, in that it tends to establish his active participation in the conspiracy itself, the nature and scope of the conspiracy, and the efforts taken by defendants to grow, preserve, and maintain control over their organization, and the court thus finding that the proffered evidence does not implicate Rule 404(b), and turning to D'Ambrosio's final argument that the evidence presents a risk of unfair prejudice, confusing the issues, or misleading the jury and is thus inadmissible under Rule 403, (Doc. 205 at 3), the court concluding that the proffered evidence, while inherently prejudicial, is highly probative for the reasons described herein, and that its probative value substantially outweighs any potential prejudicial effect, see FED. R. EVID. 403, and further concluding that the evidence shall be admissible at trial, it is hereby ORDERED that:

1. D'Ambrosio's motion (Doc. 204) *in limine* seeking to exclude evidence regarding the possession, use, or manufacture of counterfeit currency at trial is DENIED as moot in view of the government's assertion that it will not introduce such evidence.

2. D'Ambrosio's motion (Doc. 204) *in limine* seeking to exclude evidence that D'Ambrosio or others robbed expectant prostitution customers or impersonated law enforcement officers is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania